*Morgan v. Menard*, 352-6-17 Wncv (Teachout, J., Oct. 27, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                  **Docket No. 352-6-17 Wncv**

**MATTHEW J. MORGAN**
    **Plaintiff**

    **v.**

**LISA MENARD et al.**
    **Defendants**

### DECISION
### The State's Motion to Dismiss

Plaintiff–Inmate Matthew Morgan initiated this case seeking Rule 75 review of a disciplinary infraction. He asked the court to expunge the violation and award him $60 for the lost opportunity to work in the facility. Sometime thereafter, presumably after the filing of the complaint, the DOC voluntarily expunged Mr. Morgan's disciplinary violation. The State then filed a motion to dismiss because the matter had become moot, noting that an award of damages is not appropriately within the scope of a Rule 75 claim. Mr. Morgan appears to accept that the claim for damages is impermissible in this proceeding. However, he argues that the court should not dismiss this case without clearly ordering that there can be no collateral consequences of the conviction now that it is expunged.

There can be no doubt that any challenge to the disciplinary violation is moot because the DOC voluntarily expunged it.

An award of damages in the first instance is inconsistent with the court's Rule 75 authority. See V.R.C.P. 75(d) ("The judgment of the court shall affirm, reverse, or modify the decision under review as provided by law.").

The court declines to retain jurisdiction over a moot case due to collateral consequences that have not been identified, remain completely abstract, and may never come to fruition. "It is well-settled that this Court has jurisdiction to decide only 'actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction.'" *Chase v. State*, 2008 VT 107, ¶ 11, 184 Vt. 430 (2008) (citation omitted). Here, there is no identified collateral consequence so there can be no controversy over one. If one should become apparent in the future, Mr. Morgan may address it at that time.

ORDER

For the foregoing reasons, the State's motion to dismiss is granted.

Dated at Montpelier, Vermont this _____ day of October 2017.


_____
Mary Miles Teachout,
Superior Judge